**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Stephen Telemaque,<br><br>Petitioner,<br><br>v.<br><br>Warden Jason, *F.C.I Edgefield*,<br><br>Respondent. | ) | C/A No. 2:23-cv-1436-TMC<br><br>**ORDER** |

Petitioner, a federal prisoner proceeding *pro se*, filed a Petition pursuant to 28 U.S.C. § 2241, seeking relief from a 2015 conviction in federal court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss the petition for lack of jurisdiction, without prejudice and without requiring a return. (ECF No. 6 at 11). Petitioner filed objections to the Report. (ECF No. 16). This matter is ripe for review.

**I. Statement of the Case**

In October 2015, Petitioner pled guilty in the United States District Court for the Southern District of Florida to conspiracy to possess with intent to distribute ethylone, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence on direct appeal. *United States v. Telemaque*, 702 F. App'x 824, 825 (11th Cir. 2017). In August 2018, Petitioner filed his first motion for relief under 28 U.S.C. § 2255, which the District Judge in the Southern District of Florida denied on the merits. *Telemaque v. United States*, No. 18-cv-23156-UU, (ECF Nos. 7, 9) (S.D. Fla. Oct. 2018). The Eleventh Circuit later dismissed Petitioner's appeal of the denial of his first § 2255 petition. *See id.* at (ECF No. 18).

Petitioner then pursued a series of unsuccessful successive applications for collateral relief based largely on the contention that, in light of *United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018), ethylone is not a controlled substance and, therefore, he is actually innocent of the crime of conviction. *See Telemaque v. United States*, No. 18-cv-23156 (ECF No. 32 at 3–4) (S.D. Fla. Jan. 29, 2019) (construing Rule 60(d) motion as a successive § 2255 motion and dismissing it for lack of jurisdiction), *appeal dismissed for failure to prosecute*, No. 19-10593-E (11th Cir. Mar. 25, 2019); *Telemaque v. United States*, No. 19-cv-22027 (ECF No. 7) (S.D. Fla. Sept. 7, 2019) (dismissing second § 2255 motion, which argued the conviction was invalid under *Phifer*, as impermissible for failure to obtain authorization from the Eleventh Circuit before filing a successive petition); *Telemaque v. United States*, No. 19-12444-E (ECF No. 2-1) (11th Cir. July 19, 2019) (denying first application for authorization to file successive § 2255 motion and noting that Petitioner misconstrued the holder in *Phifer*); *Telemaque v. United States*, No. 19-13490 (ECF No. 2-2) (11th Cir. Sept. 30, 2019) (denying second application for authorization to file successive § 2255 motion and reiterating that Petitioner is not actually innocent in light of *Phifer*); *Telemaque v. United States*, No. 22-24221 (ECF No. 5) (S.D. Fla. Jan. 3, 2023) (dismissing third § 2255 motion, which again relied on *Phifer*, as impermissible for failure to obtain prior authorization from the Eleventh Circuit file a successive § 2255 motion); *Telemaque v. United States*, No. 23-10302 (ECF No. 2-2) (11th Cir. Feb. 3, 2023) (denying third application for authorization to file successive § 2255 motion on same basis as previous denials).

In the instant matter, as noted above, Petitioner pursues relief under § 2241, arguing yet again that, under the Eleventh Circuit's decision in *Phifer*, ethylone is not a controlled substance and, as a result, the conduct for which Petitioner was convicted is not criminal. (ECF No. 1-2 at 16–25). In recommending the court dismiss the petition for lack of jurisdiction, without prejudice

and without requiring a return, the magistrate judge correctly noted that Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, (ECF No. 6 at 9), which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Rather, to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (establishing a four-part test for determining whether § 2255 is "inadequate or ineffective" to challenge *sentencing* errors). The magistrate judge also rightly recognized that the savings clause is a jurisdictional provision. (ECF No. 6 at 9); *see Wheeler*, 886 F.3d at 423. Thus, if a petitioner cannot meet one of the *Jones* or *Wheeler* requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Because Petitioner challenges his conviction and not his sentence, the *In re Jones* test applies.

In the Report here, the magistrate judge concluded Petitioner "cannot satisfy the second prong of the *In re Jones* test, as there is no indication that *Phifer* changed the substantive law such that his conduct is no longer deemed to be criminal in the Eleventh Circuit." (ECF No. 6 at 11). The magistrate judge noted that, "[t]o be sure, the Eleventh Circuit emphasized this very point in denying [Petitioner's] first application for leave to file a successive § 2255 motion, explaining that "*Phifer* did not hold that ethylone was not a controlled substance." *Id.* at 10–11. Therefore, because "a petitioner must satisfy all three requirements under *In re Jones* to confer jurisdiction on the § 2241 court," the magistrate judge determined that Petitioner cannot use the savings clause to challenge his conviction here and recommended the court dismiss the petition for lack of jurisdiction, without requiring Respondent to file a return. *Id.* at 11.

**II. Legal Standards**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As:*

*2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Petitioner filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III. Analysis**

In his objections, Petitioner reiterates his position that he is actually innocent of a crime against the United States because the substance he allegedly distributed is not a controlled substance. (ECF No. 16 at 2). For the reasons set forth in the Report, the Court wholly rejects this contention.

The remainder of Petitioner's objections are in support of his argument that the restrictions imposed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA) on successive habeas petitions")—including the requirements imposed by the savings clause as set forth above—amount to an unconstitutional suspension of the writ of habeas corpus. *Id*. at 3–7. The court rejects this argument as well. *See, e.g.*, *In re Richardson*, 802 F. App'x 750, 754 (4th Cir. 2020) ("[T]he Supreme Court and this court have rejected similar challenges to the constitutionality of AEDPA's limitations on federal habeas relief." (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that AEDPA's restrictions on successive habeas petitions do not amount to an unconstitutional suspension of the writ of habeas corpus, but rather "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'")); *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (restrictions on multiple motions for post-conviction relief "amount[ ] to an entirely proper exercise of Congress' judgment regarding the proper scope of the writ and [fall] well within the compass of the evolutionary process surrounding the doctrine of abuse of the writ.") (internal quotation marks omitted).

Accordingly, for the reasons set forth herein, Petitioner's objections, which the court has carefully considered, are overruled. And, having thoroughly reviewed the Report and the record, the court finds no reason to deviate from the Report's recommended disposition. Accordingly, the court **ADOPTS** the Report (ECF No. 6),incorporates it herein, and hereby **DISMISSES** the Petition without prejudice and without requiring a return.

Finally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court

are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 5, 2024